BERRY, (GOODYEAR v.) See Case No. 5,-556.

BERRY, (HARRIS v.) See Case No. 6,115.

———

## Case No. 1,358.

### BERRY v. MOBILE LIFE INS. CO.

[1 Tex. Law J. (1878,) 157.]

Circuit Court, W. D. Texas.

INSURANCE—CONDITIONS OF POLICY—PRELIMINARY PROOFS OF DEATH—WAIVER—CONSTITUTIONAL LAW — DISCRIMINATION AGAINST FOREIGN INSURANCE COMPANIES—LIFE INSURANCE NOT COMMERCE.

[1. The giving of preliminary proofs of death, though, by the terms of a policy of life insurance, a condition precedent to recovery, is not a "condition" of the policy, within the meaning of a provision that no waiver of the conditions shall be valid unless made at the head office, and signed by an officer of the company.]

[2. An offer by a life insurance company to compromise a suit is a waiver of the provision of the policy requiring preliminary proofs of death.]

[3. A corporation created under the laws of a state is not a citizen thereof, within the meaning of Const. U. S. art. 4, § 2, providing that the "citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states;" and a state law imposing a special rate of interest upon judgments against foreign corporations is valid under that section.]

[4. The issuing of a policy of life insurance is not "commerce," within the meaning of the provision of the federal constitution giving congress power to regulate commerce among the states.]

[See Severn v. Queen, 2 Can. Sup. Ct. 90, for a definition of the words "trade or commerce."]

[At law. Action upon a policy of life insurance by Elizabeth M. Berry, for herself and as guardian ad litem of Belle Berry, against the Mobile Life Insurance Company. The cause was removed to this court from the district court of Dallas county. Verdict for plaintiff. Motion for new trial denied.]

Robertsons & Herndon, for plaintiff.
Chilton & Chilton, for defendant.

DUVAL, District Judge, (charging the jury.) This suit was commenced in the district court of Dallas county on the 27th day

of September, 1875, and in accordance with an act of congress regulating the subject, was removed into this court and filed here on the 11th day of October, 1876. The action was brought by Elizabeth M. Berry, for herself, as the wife of John Riley Berry, deceased, and as next friend and guardian ad litem of her minor daughter, Belle Berry. It appears from the evidence before you, that on the 10th day of August, 1874, the defendant made and delivered a policy of insurance on the life of said John Riley Berry, in favor of him, and for the benefit of plaintiffs; and for the consideration therein expressed, promised and agreed to pay said plaintiffs, on the conditions and agreements therein expressed, $2,500, lawful money of the United States, in sixty days after due notice and satisfactory proofs of death of said John Riley Berry. It is averred by plaintiffs that said John Riley Berry did keep and perform all things and conditions devolving upon him by the terms and provisions of said policy, and that he departed this life at the city of Galveston, in this state, on the 16th day of July, 1875. The plaintiffs, therefore, bring this suit to recover the amount alleged to be legally due them on the said policy.

In the contract arising on this policy, there are "certain conditions and agreements," numbered from one to eight inclusive, being, 1st. As to statements made on the application for the policy. 2d. As to payments of premium to be made by the assured. 3d. As to residence and travel of the assured. 4th. As to his occupation or business. 5th. As to violation of conditions, or in case the assured shall die by his own hand, etc. 6th. As to assignment of the policy. 7th. As to first payment and power of agents to waive foregoing conditions, etc., and 8th. As to non-forfeiture of the policy after two or more full annual premiums have been paid, etc.

It is expressly stipulated and agreed between the parties to the said contract, that these "conditions and agreements" must be complied with by the assured, and "that any alteration or waiver of the conditions of this policy, unless made at the head office and signed by an officer of said company, shall not be considered as valid." Therefore, so far as these conditions and agreements are concerned, I can say to the jury that no agent of the company would have the authority to waive them, unless done in the manner and at the place prescribed. But I have to instruct the jury that this does not apply to the giving notice and furnishing satisfactory proofs to the defendant of the death of the deceased. These are called in law "preliminary proofs," and though they are conditions precedent to a right of action or recovery, yet they do not constitute the essence of the contract between the parties, and therefore form no part of any of the conditions and agreements mentioned in said policy, and which an agent is forbidden to alter or waive, and which cannot be waived

unless made at the head office and signed by an officer of the company. While these preliminary proofs are conditions precedent, yet being made for the benefit of the insurer, such insurer may waive them, either expressly or impliedly, and if they are so waived, this, in effect, strikes them out of the contract. Any agent of the company who is authorized to receive premiums, solicit policies and deliver the same, and who is held out to the public as a general agent for parties to deal with, and is apparently acting within the scope of his authority in waiving preliminary proofs, may make such waiver by words or acts, or by both, so as to bind the company. If the company, through such an agent, examines into the loss and expresses satisfaction, and says or does such things as show a recognition of its liability for the loss, or if it offers to settle or compromise the amount agreed to be paid by the policy, these are grounds which the law recognizes as sufficient to show a waiver by the company of preliminary proofs of death. If, therefore, the jury believe from the evidence in this case, that the defendant, through any of its agents thereunto authorized, did, by words or acts, waive such preliminary proofs of the death of John Riley Berry, expressed or by implication, on the first ground stated, prior to the institution of this suit on the 27th day of September, 1875, then a right of action accrued to plaintiffs, and they had a right to file their suit without waiting for the sixty days to expire, and proof of death in that case would be unnecessary.

I further instruct the jury, that if they believe, from the evidence, that the defendant, through its authorized agent or attorney, after the institution of this suit, made an offer to settle or compromise with plaintiffs, or either of them, by the payment of any sum of money in the settlement of the policy sued on, this would amount, in law, to a waiver of all preliminary proofs. It would admit the loss and that satisfactory proofs thereof had been furnished the company.

Under the foregoing instructions the jury will return a verdict for the plaintiffs or defendants. If you should find for the plaintiffs, your verdict should allow the $2,500 agreed to be paid by the policy, and you are authorized to add to that amount, by way of damages, interest not exceeding 12 per cent. per annum from the date when the liability accrued, or, as counsel for plaintiffs consented you might do, from and after the expiration of sixty days after the death of John Riley Berry. If your verdict should be for the plaintiffs you may also find such reasonable attorney's fee for the prosecution of this cause for the plaintiffs as you may believe is warranted by the testimony on that subject, not exceeding five hundred dollars. If you find for the plaintiffs you will state in your verdict how much you find for principal and interest, as due to plaintiffs on the

policy, and how much you find, if anything, as a reasonable attorney's fee for bringing and prosecuting this action in behalf of plaintiffs.

Verdict for plaintiff.

On motion for a new trial the following opinion was delivered:

DUVAL, District Judge. In this case a new trial has been moved for on several grounds, only one of which will be noticed, because the others were discussed and ruled upon during and preceding the trial.

It is alleged that the court erred in allowing the jury to find for the plaintiffs 12 per cent. on the amount sued for under the policy of insurance, and attorney's fees, as provided for by a statute of the state of Texas in cases of this character, because the said statute is unconstitutional and void, for imposing onerous terms and liabilities upon a life insurance company of another state, when none such were imposed upon a like company chartered by this state and under like circumstances. The objection is based upon the idea that corporations are citizens of the state creating them, and that to discriminate against them or impose penalties or conditions upon them by another state to which her own corporations of a like character were not made subject would be in violation of that clause of the constitution of the United States (article 4, § 2) which declares that "the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states," as well as of that other clause which declares that congress shall have power "to regulate commerce with foreign nations and among the several states." Now, I think it has been well settled, that while, for certain jurisdictional purposes, a corporation is considered "a citizen" of the state creating it, yet it is not regarded as having the rights of actual citizens anywhere else. It is a creature of the local law. It is not compelled to do business outside of the state creating it, and if it does so it must be subject to such terms and conditions as the state in which it acts may think proper to impose upon it.

It has also been settled that the issuing of an insurance policy is not a transaction of commerce, within the meaning of the constitutional clause referred to, even though the parties be domiciled in different states. See Paul v. Virginia, 8 Wall. [75 U. S.] 168; Germania Fire Ins. Co. v. Francis, 11 Wall. [78 U. S.] 210; 47 Ind. 236; 7 Mich. 238, opinion by Judge Cooley.

A foreign corporation (as I understand the law to be in the United States) is not a citizen of the state creating it, except in a qualified sense, and it cannot transact business in another state except on such conditions, terms and liabilities as that state may, by its law, think proper to subject it to. The motion for a new trial is refused.